**ASOMA CORPORATION,**
Plaintiff–Appellant,

v.

**SK SHIPPING CO., LTD., Columbia Shipmanangement Ltd. and Pelagos Shipping, Ltd., Defendants–Appellees,**

**M/V FAROS, her engines, boilers, tackle, etc., Defendant.**

Docket No. 02–7007.

United States Court of Appeals, Second Circuit.

Dec. 16, 2002.

Steven P. Calkins, Kingsley, Kingsley & Calkins, Hicksville, NY, for Appellant.

Randolph H. Donatelli, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, New York, NY, for Defendant–Appellee SK Shipping Co., Ltd.

Peter J. Gutowski, Freehill, Hogan & Mahar, LLP, New York, NY, for Defendants–Appellees Columbia Shipmanagement Ltd. and Pelagos Shipping, Ltd.

Present McLAUGHLIN and CABRANES, Circuit Judges, and LYNCH,* District Judge.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **VACATED,** and the case is **REMANDED.**

Asoma Corporation ("Asoma") appeals from the final judgment of the District Court entered on December 15, 2001, granting in full the motions to dismiss of defendant SK Shipping Co. Ltd. ("SK Shipping") and of defendants Columbia Shipmanagement Ltd. ("Columbia") and Pelagos Shipping Ltd. ("Pelagos") (collectively, "defendants").

Asoma filed its complaint on May 7, 2001, claiming for damages to steel coils shipped pursuant to certain bills of lading that Asoma referenced in its complaint. The defendants, after filing their answers, moved to dismiss the complaint for improper forum because the bills of lading Asoma referenced contain a forum selection clause specifying the choice of forum as Seoul, Korea.

The District Court granted the defendants' motions to dismiss, which the court construed as motions under Fed.R.Civ.P. 12(c) for judgment on the pleadings. *Asoma Corp. v. M/F FAROS*, 2001 WL 1588929, at *1 (S.D.N.Y. December 12, 2001). The District Court held that it lacked jurisdiction because of the enforceable foreign forum selection clause in the bills of lading. Declining to look outside the pleadings, and thereby convert the Rule 12(c) motion into a motion for summary judgment pursuant to Rule 56, the District Court summarily rejected Asoma's argument that the Southern District of New York was the proper forum under a forum selection clause contained in the charter party between SK Shipping and Metall und Rohstoff Shipping Ltd. ("MUR"). The District Court also summarily declined to permit Asoma to amend its complaint to allege jurisdiction based upon the charter party's forum selection clause.

Asoma argues on appeal that the voyage charter party, not the bills of lading, should control, because the bills of lading constituted "mere receipts," while the charter party provided the contract of carriage between the parties. Asoma further argues that the District Court abused its discretion both in declining to convert the defendants' motions to dismiss into motions for summary judgment and in declin-

* Of the Southern District of New York, sitting by designation.

ing to grant Asoma leave to amend its complaint. We vacate the dismissal and remand for further proceedings.

The parties dispute the chain of contract relations. They agree that defendants Columbia and Pelagos owned the vessel the M/V Faros and chartered that ship to Chilsan Merchant Marine, Co., Ltd., which then chartered the vessel to SK Shipping. It is also undisputed that SK Shipping entered into a voyage charter party on December 23, 1999, with MUR or "its nominee." Asoma claims that MUR entered into that charter party as its agent and that SK Shipping knew of that agency, assertions that SK Shipping denies. The alleged assignment between MUR and Asoma was not documented in writing until February 22, 2001. The December charter party provided that SK Shipping would nominate a vessel to carry a cargo of hot rolled steel coils from Kaohsiung, Taiwan. SK Shipping nominated as the vessel the M/V Faros. The parties agree that SK Shipping loaded the cargo on board the vessel in Kaohsiung, Taiwan and issued bills of lading dated January 25, 2000, to the shipper, Yieh Loong Enterprises, Co., Ltd. ("Yieh Loong"), and that SK Shipping consigned these bills of lading to Yieh Loong "to order." Yieh Loong negotiated the bills of lading to Asoma by endorsement.

The District Court never addressed the legal and factual issues raised by these disputes about the contract relations because the Court denied Asoma leave to amend the pleadings to include the charter party. The question before us is whether that denial was within the District Court's discretion.

We review the denial of leave to amend a complaint under an abuse of discretion standard. *Jin v. Metropolitan Life Ins. Co.*, 295 F.3d 335, 352 (2d Cir.2002). Outright refusal to grant the leave "without any justifying reason for the denial" is an abuse of discretion. *Id.* Although within the discretion of the district court, leave to amend should be freely granted. *Id; see also* Fed.R.Civ.P. 15(c)(2). A plaintiff generally may amend the complaint to include a claim if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 68 (2d Cir.2002), quoting Fed.R.Civ.P. 15(c)(2). Here, Asoma would have amended its complaint to assert a different basis for the identical claim—certainly the same conduct, transaction, or occurrence. A district court still may grant leave to amend so long as "the original complaint gave the defendant fair notice of the newly alleged claims." *O'Hara*, 294 F.3d at 68, quoting *Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir.1998). Failure formally to move for leave to amend is not dispositive: where the plaintiff's "desire to amend is clear," but the plaintiff has not made the motion, the decision to grant leave is in the discretion of the district court. *O'Hara*, 294 F.3d at 68 n. 6

Denying leave to amend is not error, however, if there is "a good reason for denying it," such as futility, bad faith, undue delay, or undue prejudice to the opposing party. *Jin*, 295 F.3d at 352. Asoma argues that the District Court erred because the forum selection clause in the charter party clearly controls, while defendants argue that the Court's decision was proper because amendment would be futile since the bills of lading control. Neither of these arguments is decisive. While there is some authority for the proposition that where a charter party has already established the rights and responsibilities of the parties, the bill of lading serves a secondary function and is often described as a mere receipt, *see, e.g., Associated Metals & Minerals Corp. v. S/S Jasmine*, 983 F.2d 410, 413 (2d Cir.1993) ("Bills of lading accordingly have less significance in

private carriage agreements, in which the parties look primarily to the charter party to determine their rights and responsibilities"), there is also authority suggesting that such control by the charter party may be conditioned on chartering the entire vessel, *see, e.g., Nichimen Co. v. M.V. Farland,* 462 F.2d 319, 328 (2d Cir.1972), and that the rule is "flexible" and subject to contractual modification by the parties, *id.* at 328 n. 4. It is thus not clearly established either that Asoma was denied the opportunity to present a clearly meritorious claim or that amendment would clearly have been futile.

Under these circumstances, the District Court should have granted Asoma leave to amend its complaint, consistent with our policy that leave to amend, although within the discretion of the court, should be granted freely. *Jin,* 295 F.3d at 352. Independently, its denial of leave without providing any substantial reason for doing so also constitutes error. *Id.* The judgment of the District Court accordingly is vacated and the case is remanded for further proceedings.